1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALES COMMUNICATIONS, INC., a Kansas Corporation, | CASE NO. 04cv147 WQH (WMc) |
| Plaintiff, | **ORDER** |
| vs. | (Doc. # 126) |
| TITAN WIRELESS, INC., a Delaware Corporation, TITAN CORPORATION, a Delaware Corporation, TITAN AFRICA, INC., a Delaware Corporation, GEOLUTION INTERNATIONAL, INC., a Delaware Corporation, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is Defendants' Motion for Voluntary Dismissal of Counterclaims and Request for Entry of Judgment. (Doc. # 126.)

## I.    Background

This case arises from a failed telecommunications venture in the West African nation of Guinea involving Plaintiff Gonzales Communications, Inc. ("GCI") and Defendants Titan Wireless, Inc. ("TWI"), Titan Corporation, Titan Africa, Inc. and Geolution International, Inc. GCI filed this lawsuit on January 23, 2004, and filed an Amended Complaint on March 15, 2004 (Doc. # 4).  On April 6, 2004, TWI filed five counterclaims.  (Doc. # 5.)  On July 11, 2005, the Court granted summary judgment in Defendants' favor as to three of GCI's claims. (Doc. # 51.)  On October 3, 2006, the Court granted summary judgment in Defendants' favor

1  as to GCI's remaining claims, denied summary judgment as to TWI's counterclaims for breach

2  of contract and breach of the covenant of good faith and fair dealing, and granted summary

3  judgment in TWI's favor as to TWI's counterclaim for unjust enrichment. (Doc. # 119.) After

4  the Court's October 3, 2006 Order, the issues remaining were the resolution of TWI's

5  counterclaims for (1) breach of contract, (2) breach of the implied covenant of good faith and

6  fair dealing, (3) negligent misrepresentation and omission, and (4) setoff, as well as the

7  determination of the appropriate remedy for TWI's unjust enrichment counterclaim.

8        On January 5, 2007, Defendants filed the Motion for Voluntary Dismissal of

9  Counterclaims and Request for Entry of Judgment (Doc. # 126), seeking an order dismissing

10  the four pending counterclaims without prejudice, pursuant to Federal Rule of Civil Procedure

11  41(a)(2), and entering judgment on the unjust enrichment counterclaim for the specific sum

12  of $1,162,959.  Plaintiff opposes the Motion, arguing that any dismissal of the counterclaims

13  should be with prejudice, and that TWI is not entitled to an award of damages on their unjust

14  enrichment counterclaim without trial.

15  **II.    Discussion**

16        **A.    Unjust Enrichment Counterclaim**

17        In the Court's October 3, 2006 Order, the Court found that the "Equipment Purchase

18  Agreement" between GCI and TWI was valid and enforceable (Oct. 3, 2006 Order Granting

19  in Part & Denying in Part Defs.' Mot. Summ. J. ("Oct. 3, 2006 Order") at 15), and that the

20  "Terms and Conditions of Offer/Sale" was "a binding part of the parties' agreement" (Oct. 3,

21  2006 Order at 16).  The Court further found that:

22        [A] genuine issue of material fact exists as to whether TWI performed, or was
23        excused from performing, its obligations under the contract, as required to
      maintain its causes of action for breach of contract and breach of the implied
      covenant of good faith and fair dealing.  GCI's promissory notes came due on
24        January 29, 2002.  A genuine issue of material fact exists as to whether TWI
      failed to provide equipment and services pursuant to the [Equipment Purchase
25        Agreement] both prior to and after that time.  The evidence that TWI discharged
      its technical staff while rushing to book equipment sales and voluntarily
26        increasing GCI's credit limit–despite its knowledge that GCI had no funding in
      place and lacked the technical capacity to get the equipment up and running–also
27        raises a genuine issue of material fact as to whether TWI fulfilled its contractual
      obligations in good faith.  Accordingly, the Court denies Defendants' motion for
28        summary judgment on their counterclaims for breach of contract and breach of
      the covenant of good faith and fair dealing.

(Oct. 3, 2006 Order at 18-19 (citations omitted)).  Finally, the Court's October 3, 2006 Order stated:

> The elements of an unjust enrichment claim are (1) receipt of a benefit, and (2) unjust retention of the benefit at the expense of another.  *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000).  In support of their counter-claim for unjust enrichment, Defendants have established that they provided GCI with equipment for which GCI failed to pay, and that GCI has retained that equipment.  GCI has set forth no evidence that would raise a genuine issue of material fact as to either element of this counterclaim.  Accordingly, the Court grants summary judgment on Defendants' counterclaim for unjust enrichment.

(Oct. 3, 2006 Order at 19.)

Under California law,[1] "[u]njust enrichment is not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies.  It is synonymous with restitution."  *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (Cal. Ct. App. 2004) (citing *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (Cal. Ct. App. 2003)); *see also McKell v. Wash. Mut ., Inc.*, 142 Cal. App. 4th 1457, 1490 (Cal Ct. App. 2006) ("There is no cause of action for unjust enrichment.  Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust.") (citation omitted).  "[R]estitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct.  In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory. . . ."  *Id.* at 388 (citations omitted).  "The quasi-contract, or contract 'implied in law,' is an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his former position by return of the thing or its equivalent in money."  *Id.* at 388 n.6 (citation omitted).

Moreover, "[u]nder . . . California . . . law, unjust enrichment is an action in quasi-contract, which *does not lie when an enforceable, binding agreement exists defining the rights of the parties.*"  *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) (emphasis added) (citing *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (Cal. Ct. App. 1975)).  If the parties' rights "are squarely set out in the [contract], their unjust

---

[1] It is undisputed that California law applies to each of TWI's counterclaims.

enrichment claim is precluded."  *Id.*; *see also Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410, 1419 (Cal. Ct. App. 1996) ("[T]here is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation.") (citation omitted).  For example, in *Hedging Concepts*, the appellate court held that once the trial court found that a valid contingency-fee agreement had been formed, plaintiff could not recover on a quantum meruit (or unjust enrichment) theory.  *See Hedging Concepts, Inc.*, 41 Cal. App. 4th at 1422-23.  Conversely, in *Lectrodryer* (which is cited in the October 3, 2006 Order), the appellate court rejected an argument that the plaintiff's action for unjust enrichment was "an impermissible attempt to enforce indirectly" a contract.  *Lectrodryer*, 77 Cal. App. 4th at 726.  The court stated that the jury's finding of unjust enrichment would stand because "[t]he focus of Lectrodryer's case was on what happened to the proceeds of the sale of the sieve dryer *after* the [contract] expired."  *Id.* (emphasis in original).  Finally, California law provides for an exception to the rule that if the parties' rights are squarely set out in the contract, their unjust enrichment claim is precluded: "Restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason."  *McBride*, 123 Cal. App. 4th at 388.

In its summary judgment motion, TWI based its arguments supporting its motion for summary judgment as to its unjust enrichment counterclaim on the existence of binding agreements defining the rights of the parties.  TWI argued:

> It is undisputed that GCI received a benefit from TWI in that TWI provided the equipment *as required under the [Equipment Purchase Agreement] and the multiple promissory notes*.  It is further undisputed that Plaintiff failed to make any payments *under the EPA, or any of the promissory notes*.  Finally, it is undisputed that GCI failed to return any of the equipment back to Titan.

(Mem. Supp. Mot. Summ. J., Doc. # 85, at 23 (citations omitted).)  In granting summary judgment, this Court found that the agreements between to the parties were valid and enforceable. (Oct. 3, 2006 Order at 15-16.)  As discussed above, under California law, "unjust enrichment . . . does not lie when an enforceable, binding agreement exists defining the rights of the parties."  *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir.

1996) (citation omitted).  Moreover, TWI did not argue--nor did this Court find--that "the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *McBride*, 123 Cal. App. 4th at 388.  Therefore, the Court was premature in granting summary judgment in favor of TWI on its unjust enrichment counterclaim.  This ruling is hereby vacated.  The following counterclaims are now pending: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) negligent misrepresentation and omission, (4) setoff, and (5) unjust enrichment.[2]

Because of the Court's decision to vacate the grant of summary judgment as to the unjust enrichment counterclaim, TWI may choose to proceed to trial on one or more of its four other counterclaims.  Therefore, the Motion for Voluntary Dismissal of Counterclaims and Request for Entry of Judgment is **DENIED** without prejudice to renew the motion.

## III.    Conclusion

The Court's grant of summary judgment in favor of TWI on its unjust enrichment counterclaim (Doc. # 119) is **VACATED**.  TWI's motion for summary judgment as to its unjust enrichment counterclaim (Doc. # 84) is **DENIED**.

The Motion for Voluntary Dismissal of Counterclaims and Request for Entry of Judgment (Doc. # 126) is **DENIED** without prejudice to renew the motion.

On **May 11, 2007 at 11:00 a.m.**, the Court will conduct a telephonic status conference to set the trial date.

DATED:  April 18, 2007

*William Q. Hayes*
_____
**WILLIAM Q. HAYES**
United States District Judge

----

[2]  The Court deems the unjust enrichment counterclaim to be pleaded in the alternative to the breach of contract and breach of the implied covenant of good faith and fair dealing counterclaims.  *See In re HP Inkjet Printer Litig.*, 2006 WL 563048, at *7 (N.D. Cal., Mar. 7, 2006) ("[A]lthough the terms of HP's written warranty agreements may govern the relationship between HP and Plaintiffs, Plaintiffs may plead an unjust enrichment claim in the alternative.").

04cv147